[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant and the plaintiff were intermarried at Guilford, Connecticut, on February 14, 1989. The plaintiff has been a resident of Connecticut for at least one year prior to September 1, 1998. The plaintiff and defendant have no minor children issue of their marriage nor have any minor children been born to the defendant since the date of the marriage. Neither the State of Connecticut nor any town has contributed to the support or maintenance of either of the parties hereto.
Based upon the relevant, admissible and credible evidence presented to this court during the trial of this matter, including all reasonable inferences therefrom, the court makes the following findings of fact and conclusions of law.
This is the second marriage for each of the parties. The marriage of the defendant ended in divorce and the prior marriage of the plaintiff ended when his wife of 33 years died.
About one year later the plaintiff met the defendant at a singles meeting and almost immediately they moved in together.
They were married about eight months later. At the time of this marriage the plaintiff brought all of the assets and value into this undertaking. The defendant was without funds of more than a nominal amount and she brought 3 or 4 rooms full of used furniture the parties were married and formally moved in together.
The parties lived together until October of 1992 when the plaintiff separated himself from the residence. It was his perception that his wife had changed dramatically since the time he had met her and that she was all consumed with her family problems, involving her son and her two brothers and the problems of various other acquaintances of hers. As previously stated, all assets that are presented to the court for distribution represent CT Page 11225 pre-existing assets that the plaintiff brought to the marriage, little of which have appreciated since the date of the marriage other than the 401K and whatever pension benefits that the plaintiff has.
He owned a house in Chester which was subsequently sold and he acquired a home in Guilford in which presently the defendant lives. He paid for the home, he made the mortgage payments on the purchase money mortgage and subsequent refinances and ultimately paid said mortgage off from his assets.
He is employed as an engineer with Doncaster Turbo Products and has had a substantial job for many years with them and is now project manager of development. The plaintiff is 65 years of age. The defendant is 52 years of age and has over the years had several different jobs basically employed as a registered nurse. Her affidavit is accurately reflective of the minimum amount that she is presently capable of earning and has been earning for some period of time.
The plaintiff testified and the court concludes that this marriage had broken down irretrievably in October of 1992 when the plaintiff separated himself from the defendant. As a further problem to the plaintiff the defendant did not get along with his daughters of his former marriage and the people with whom he worked and this just added another dimension to the problems that he had in living with her.
She has testified that she was devastated when he left in October of 1992 and could not understand why. She further originally testified that she had not seen him since then nor did she know where he was living all these years, which testimony which was subsequently shown to be untrue. They did undertake some marriage counseling but it had little or no effect, and probably a major solidifying reason for the continued irretrievable breakdown of this marriage is that she had an extra marital affair in 1993, albeit of somewhat short duration. It was at that point that the plaintiff decided that he could not return to live with her as husband and wife.
The court finds that this marriage has in fact broken down irretrievably as of October 1992. The defendant has filed a cross claim alleging that the plaintiff is guilty of intolerable cruelty and desertion. CT Page 11226
As to intolerable cruelty, the court finds that it has been presented with insufficient evidence upon which it could conclude that she has established this cause of action for dissolution of marriage.
With respect to the desertion, the evidence establishes that since that time the plaintiff left the marital residence up until 1998 when this action was filed, the plaintiff deposited funds regularly in the defendant's bank account from which the mortgage, taxes and insurance were paid and in addition he mowed the grass and raked the yard. They did have periodic contact, including a few dinners together. About a year after he left the premises she changed the locks on the house and he has not had access to the jointly owned residence since that date. The court finds that the defendant has not presented sufficient evidence for it to conclude that the plaintiff is guilty of desertion.
As aforesaid the defendant is a healthy 52 year old woman who has for some period of time had the capacity and in fact earned a substantial weekly income as exemplified by her financial affidavit of record. All of the property to which claim is made hereunder, is property that was owned prior to the marriage by the plaintiff. The only exception is an increment or increase in the value of his 401K from 1989 through 1992 of approximately $60,000.00, which would represent an increment during the viable period of the marriage of these parties.
To put it succinctly the court concludes that this a marriage hastily entered into by these parties as a second marital undertaking for each which never worked out after a relatively short period of time.
In addition, although she has vehemently claimed otherwise, the court does not find that the plaintiff engaged in any extra marital affairs with any woman during or subsequent to the marriage of these parties. It is concluded that the causes for the breakdown of the marriage are attributable to the defendant most substantially.
The property at 618 Northwood Drive, Guilford, Connecticut, is property that was acquired by the parties and placed in both names by the plaintiff, said acquisition utilizing the sole assets of the plaintiff that were premarital assets. Accordingly, all the right, title and interest of the defendant in and to said premises is ordered transferred to the plaintiff and said 618 CT Page 11227 Northwood Drive is ordered to be his absolutely. He shall undertake to complete paying the mortgage and other costs of ownership of said property and hold the defendant harmless in connection therewith. The 1991 Saab and the 1991 Chevrolet Blazer are set over to the defendant to be hers absolutely. She shall hold the plaintiff harmless in connection of any future expenses or liabilities on said automobiles. The 1996 Saab is set over to the plaintiff to be his absolutely and he shall hold the defendant harmless in connection with any liability on account of any liens attaching thereto.
By way of property settlement, the court orders the plaintiff to pay to the defendant the sum of $30,000.00, representing one-half of the increment on the 401K during the viable period of the marriage. In addition, the plaintiff shall pay to the defendant the further sum of $10,000.00 to allow her some further assistance in moving and setting up another household.
All of the remaining assets as shown on the exhibits of record are set over and assigned to the plaintiff to be his absolutely. The court declines to enter an order of alimony hereunder due to the short period of the marriage and the age, health, station, and earning capacity and demonstrated earning capacity of the defendant do not require rehabilitative alimony in order to assist her to establish herself. She has been and is established in the workplace and capable of taking care of her needs.
In addition, all of the personal property located in the residence/home of the parties on 618 Northwood Drive, Guilford, Connecticut, is set over to the plaintiff to be his absolutely, representing pre-marital acquisitions of furniture and personal property by him and his former deceased spouse. Specifically, the defendant is ordered to transfer to the plaintiff the engagement ring of the plaintiffs former spouse. Those items of personal property and pre-marital furniture and property that the defendant brought into the marriage may be removed by her if the parties agree as to what constitutes this group of personalty. If there items of personal property in the home that were acquired by the parties during the marriage then they should be divided evenly.
If there is a dispute as to the division of this personal property, then nothing is to be removed by the parties until the court shall appoint, at the joint expense of the parties, a CT Page 11228 committee to oversee the division of personalty.
The defendant shall have COBRA rights to medical insurance available through the employer of the plaintiff, at her cost, for the appropriate period of time as provided by law.
The parties shall be responsible for the other liabilities that appear on their financial affidavits with the exception of the real estate taxes on the residence as appear on the defendant's affidavit shall be paid by the plaintiff who shall hold her harmless in connection therewith. Any other assets on the defendant's affidavit are set over and assigned to be hers absolutely.
The remainder of assets as shown on the plaintiffs affidavit and the exhibits of record are set over and assigned to him to be his absolutely.
The defendant is ordered to vacate the premises at 618 Northwood Drive, Guilford, on or before September 20, 1999.
A decree is entered dissolving the marriage of the parties.
It is so ordered.
HIGGINS, J.